UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| THE CAMPBELL'S COMPANY and CSC BRANDS LP, <br><br> Plaintiffs, <br><br> v. <br><br> SHELBY NICOLE CAMPBELL and CAMPBELL FOR CONGRESS, <br><br> Defendants. | Case No: 2:25-cv-13213-JEL-DRG <br><br> Hon. Judith E. Levy <br><br> Mag. Judge David R. Grand |

## DECLARATION OF BENJAMIN CROOK IN SUPPORT OF PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION

I, Benjamin Crook, declare:

1. I am Senior Vice President/General Manager, Soup, of Plaintiff The Campbell's Company, a position I have held since June 2024. My responsibilities include overseeing the marketing of various Campbell's brands, including the canned soup products sold under the brand name *Campbell's*, as well as the *Campbell's* soup can trademarks and trade dress (the "CAMPBELL'S SOUP CAN").

2. I submit this declaration in support of Plaintiffs The Campbell's Company and CSC Brands LP (together, "Campbell's") motion for a preliminary

1

injunction barring Defendants Shelby Nicole Campbell and her political campaign committee, Campbell for Congress (collectively, "Defendants") from misusing Campbell's protected trademarks and trade dress. As I explain below, Defendants' conduct has already caused actual consumer confusion and is likely to continue confusing the public into believing that Campbell's has sponsored, endorsed, authorized, or is otherwise affiliated with Defendants.

A. **Campbell's and its Famous CAMPBELL'S SOUP CAN**

3. Campbell's was founded in 1869 in Camden, New Jersey and has been bringing people together through its food ever since. Since 1895, Campbell's has manufactured and sold canned soups bearing the trademark and trade dress of CAMPBELL'S SOUP CAN. That trade dress comprises, among other elements, the core design elements of two-tone split label (most commonly red-and-white), the circular medallion centered between the panels, the scripted "Campbell's" word mark in the upper portion, smaller text near the word mark, a flavor designation in the lower portion, and the "soup" notation at the bottom. True and correct copies of examples of Campbell's current and most recent prior label designs are attached hereto as **Exhibits 1 and 2**, respectively.

 

4. CSC Brands LP, an indirect, wholly owned subsidiary of Plaintiff The Campbell's Company, owns the registrations covering the elements of the CAMPBELL'S SOUP CAN, including U.S. Registration No. 48,664, U.S. Registration No. 1,544,679, U.S. Registration No. 2,066,673, U.S. Registration No. 7,758,888, and U.S. Registration No. 7,758,889. Additional details regarding the registrations covering the CAMPBELL'S SOUP CAN are set forth below. The registration certificates for these trademarks are attached hereto as **Exhibit 3**.

## Campbell's Federal Registrations

| | |
|---|---|
| **U.S. Reg. No. 48664**<br>(Registered 1906 – Incontestable) | |
| **U.S. Reg. No. 1544679**<br>(Registered 1989 – Incontestable) | |

3



| | |
|---|---|
| **U.S. Reg. No. 2066673** (Registered 1997 – Incontestable) | |
| **U.S. Reg. No. 7758888** (Registered 2025) | |
| **U.S. Reg. No. 7758889** (Registered 2025) | |

5. The CAMPBELL'S SOUP CAN design is not limited to any particular color scheme and includes variants in blue and other colors. A true and correct copy of Campbell's label design in various colors is attached hereto as **Exhibit 4**. The most recent Campbell's registered trademark, U.S. Reg. No. 7758888, is not limited to any specific colors.

4

**B. Campbell's Extensive Advertising and the Fame of its Soup Can**

6. Over the past century, Campbell's has significantly invested to build the CAMPBELL'S SOUP CAN into one of America's most recognizable marks. It has invested in advertising on TV, print, and online media, with its products sold nationwide and internationally.

7. Campbell's also heavily relies on social media and online marketing to promote brand awareness and drive sales of its products, including *Campbell's* branded soup products. Campbell's maintains an active social media presence, including on Instagram, TikTok, and Facebook, all of which prominently feature the CAMPBELL'S SOUP CAN trademark and trade dress. In addition, Campbell's website at [www.campbells.com](www.campbells.com), prominently features Campbell's marks and trade dress. True and correct copies of Campbell's official social media pages and website are attached hereto as **Exhibit 5**.

8. *Campbell's* is the #1 trusted soup brand in the United States and enjoys a nearly 100% awareness score among consumers. A true and correct copy of the *Morning Consult Report of Most Trusted Brands* is attached hereto as **Exhibit 6**. A true and correct copy of Campbell's awareness data, collected by Ipsos through national research panels of respondents using internet-based surveys,

is attached hereto as **Exhibit 21**.

| Campbell's Awareness | 18-26 | 27-42 | 43-58 | 59-65 |
|---|---|---|---|---|
| | A | B | C | D |
| Base | 87 | 286 | 160 | 67 |
| Unaided Awareness | 66% | 77% A | 92% AB | 94% AB |
| Aided Awareness | 100% C | 98% | 96% | 100% |

A true and correct copy of a webpage from the global market research and data analytics firm, Expert Market Research, titled "Top 10 Companies Leading the Global Soup Market," identifying Campbell's as the No. 1 soup company in the world (last accessed on October 31, 2025), is attached hereto as **Exhibit 22**.

Top 10 Soup Companies in the World | Best Brands & Manufacturers

**1. Campbell Soup Company**

| Headquarters: | New Jersey, United States |
|---|---|
| Establishment: | 1869 |
| Website: | https://www.campbellsoupcompany.com/ |

Campbell Soup Company is a company which makes well-crafted soups, meals, and snacks. It is one of the renowned convenient food-producing companies across the world. The major brands owned by this company include Pacific Foods, Chunky, Farmhouse, Goldfish, Prego, and Pace, among others. Campbell Soup Company also offers high-quality soups, sauces, and food recipes for the end users.

## C. Campbell's Enforcement of its Trademark Rights

9. Just as it heavily invested to build its brand, Campbell's has dedicated considerable resources to protecting its trademarks and trade dress from unauthorized, confusing, deceptive, and dilutive uses.

10. Campbell's has consistently succeeded in its policing efforts, both in the commercial context as well as the political. In 2024, for instance, Campbell's obtained a permanent injunction from United States District Court for District of

6

New Jersey barring Jane Foodie LLC from selling packaged soups in a can design that imitated the CAMPBELL'S SOUP CAN. *The Campbell's Co. v. Jane Foodie*, No. 1:24-cv-10973 (D.N.J. Dec. 23, 2024), ECF Nos. 7, 8. A true and correct copy of the Court's Order of Judgment and Dismissal (ECF No. 8) is attached as **Exhibit 7**. A true and correct copy of the Stipulation of Proposed Judgment and Dismissal (ECF No. 7) is attached as **Exhibit 8**.

11. Campbell's also has diligently addressed misuse of Campbell's mark and trade dress by political candidates who share the Campbell name, including (a) Chris Campbell, who ran for and became the County Commissioner of Highland County (District 5) in Florida, and (b) J. Ryan Campbell who ran for the Olathe School Board in Olathe, Kansas. Those candidates stopped using Campbell's marks and trade dress after Campbell's asked them to cease such misuse.

**D. Defendants' Unauthorized Use of the CAMPBELL'S SOUP CAN**

12. Campbell's recently discovered that Defendants are using a campaign design based on and virtually identical to the CAMPBELL'S SOUP CAN in order to promote Defendants' campaign and raise funds.

13. Campbell's has never authorized Defendants to use the CAMPBELL'S SOUP CAN mark and trade dress for their campaign.

14. Defendants' design is virtually identical to the CAMPBELL'S SOUP CAN. Defendants' design copies the CAMPBELL'S SOUP CAN's red-and-white color panels as the background, central medallion, and layout. Defendants' design places the word "Campbell" at the top of their can image in a light, italicized script identical to that used by Campbell's. Defendants' design appears to have copied the "Campbell's" logo and simply edited out the apostrophe and the "s," as suggested by the remaining tailing of the second "l." Further, Defendants display capitalized block text immediately beneath the italicized line and also features "Soup for Change 2026" in the lower portion using a font and a color scheme that mirrors Campbell's flavor line. **Exhibit 9** is a true and correct copy of Defendants' infringing design.



15. Defendants deploy this infringing design across social media. True and correct copies of Defendants' social media materials are attached hereto as follows: **Exhibit 10** (Defendants' X/Twitter Banner); **Exhibit 11** (TikTok post of the infringing design); **Exhibit 12** (screenshot showing that **Exhibit 11** was previously "pinned" so that it appears on the front page of Defendants' TikTok at all times); **Exhibit 13** (screenshot showing that **Exhibit 11** is currently "unpinned"). Even though **Exhibit 11** has become "unpinned" since the litigation commenced, it remains live on TikTok as of the date of submitting this Declaration.



16. Defendants' campaign slogan is "soup4change"; their website is www.soup4change.com; their X handle is "@soup4change"; their TikTok and

9

Instagram use "@atasteofsoup"; and they promote hashtags such as "#vote4soup" or "#soup4change."

17. On information and belief, Defendants have distributed stickers and other merchandise bearing the infringing design nationwide to promote the campaign. **Exhibit 14** is a true and correct copy of Defendants' web page inviting users to request stickers bearing infringing design.



18. Defendants have published images of their campaign stickers alongside an actual CAMPBELL'S SOUP CAN. A true and correct copy of an image posted by Defendants displaying the campaign sticker alongside an actual CAMPBELL'S SOUP CAN is attached hereto as **Exhibit 15**.

10



19. Defendants have further invoked Campbell's and its famous trade dress in soliciting financial and other support, telling potential supporters they should "help [her] out" because "[w]e know you all love the Campbell's soup cans." A true and correct copy of Defendants' comment soliciting funds by invoking the CAMPBELL'S SOUP CAN is attached hereto as **Exhibit 16**.



E.   **Defendants' Misuse Has Caused Actual Confusion And Harm to Campbell's Reputation and Goodwill**

20.   For more than 150 years, Campbell's has focused on building a brand

11

that connects people of all political persuasions through the food they love. Defendants' misuse of the CAMPBELL'S SOUP CAN has already harmed (and risk further harm to) Campbell's hard-won reputation and goodwill by causing real-world confusion as to whether Campbell's is associated with, sponsors, and endorses Defendants' political campaign. Members of the public have posted on Defendants' and Campbell's social media pages, tagging Campbell's and asking whether Campbell's "endorses" the campaign. For example, one user tagged Campbell's corporate account and asked, "@Campbell's Soup do you endorse this [candidate]." Another user encouraged consumers to "stop buying Campbell soups and associated products." A true and correct copy of these comments and the corresponding social media post is attached hereto as **Exhibit 17**.



12

21. Campbell's has also received written and verbal inquiries asking whether it "endorse[s]" Defendants, with images of the campaign logo attached. A true and correct copy of one such email inquiry is attached hereto as **Exhibit 18**.

> From: ▮
> To: ▮
> Subject: [External] TRADEMARK INFRINGEMENT
> Date: Thursday, September 25, 2025 5:16:13 PM
> Attachments: CampbellSoup.jpg
>
> *Warning: This message was sent from outside the organization. Do not click any links or attachments unless you know the content is safe.*
>
> Are you aware that Shelby N Campbell who is running for the 13th Congressional district in Wayne County Michigan is openly using your logo in her campaign? Attached is a photo from her X account @soup4change. Do you endorse her?
>
> ▮

22. Campbell's has received more than twenty telephone inquiries from consumers reporting that Defendants are using Campbell's trademark. For example, one caller left a message stating, "How dare you endorse Shelby Campbell for Congress in Michigan? Make soup and stay out of politics." Another consumer asked, "Are you endorsing this Democratic candidate? She is using your Campbell's soup can as a logo for her campaign." A third person stated, "Never buying your products again because you're endorsing [Shelby Campbell]."

F. **Campbell's Attempts to Resolve this Dispute**

23. On September 2, 2025, Campbell's sent Defendants a letter asking them to stop using Campbell's intellectual property and discard and remove infringing materials from their online campaign materials. A true and correct copy of Campbell's September 2, 2025, letter to Defendants is attached hereto as

13

**Exhibit 19**.

24. Defendants refused, posted the correspondence on Instagram, and appeared to invite litigation over their use of the CAMPBELL'S SOUP CAN. Defendants contended that the dispute would "make [her] blow up and really win congress easily." A true and correct copy of Defendants' Instagram post displaying Campbell's correspondence is attached hereto as **Exhibit 20**.



G. **Defendants Continue To Misuse Campbell's Marks and Trade Dress**

25. Defendants continue to display designs based on CAMPBELL'S SOUP CAN on their website and social media as of the filing of this Motion. True and correct copies of screenshots showing that Defendants' infringing posts and

14

webpages remained live as of October 30, 2025, are attached hereto as **Exhibits 9, 10, 11, 14, 15, 16, 17**.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct to the best of my knowledge.

Dated: October 31, 2025        By: _____
                                   Benjamin Crook

15